IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3070-FL

| | |
|---|---|
| VINCENT JOSEPH HOWARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| LAUREN FREEMAN, DEONTE L. ) | |
| THOMAS, RALEIGH POLICE ) | |
| DEPARTMENT, WAKE COUNTY ) | |
| SHERIFF'S DEPARTMENT, and ) | |
| BRITTANY JOYNER, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, a state pretrial detainee proceeding pro se, commenced this action by filing complaint on February 22, 2022, asserting claims for violations of his civil rights pursuant to 42 U.S.C. § 1983. The matter is before the court for initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**COURT'S DISCUSSION**

Section 1915 provides that courts shall review complaints filed by prisoners seeking leave to proceed in forma pauperis and dismiss such complaints when they are frivolous, malicious, or fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). To state a claim on which relief may be granted, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." Id. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

Plaintiff challenges his pending criminal charge for "being a menace and stalking." To the extent plaintiff is seeking federal court intervention in his pending criminal prosecution, the court abstains from exercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37, 44 (1971). Specifically, a federal court must abstain from exercising jurisdiction and interfering with a state criminal proceeding if "(1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges." Nivens v. Gilchrist, 444 F.3d 237, 241 (4th Cir. 2006). The Supreme Court has recognized only three exceptions to Younger abstention: "where (1) there is a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." See id. (quotations omitted). "[T]he cost, anxiety, and inconvenience of having to defend against a criminal prosecution alone does not constitute irreparable injury." See id. (quotation omitted).

Plaintiff's requests for injunctive relief fall within Younger. First, plaintiff is challenging an ongoing state criminal proceeding. Second, "North Carolina has a very important, substantial, and vital interest in preventing violations of its criminal laws." Nivens v. Gilchrist, 319 F.3d 151, 154 (4th Cir. 2003). Third, plaintiff's "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir. 1996) (en banc). Plaintiff also has not alleged extraordinary circumstances sufficient to invoke an exception to Younger. Accordingly, the court abstains from exercising jurisdiction over the claims for injunctive relief.

Plaintiff's requests for damages do not fall within Younger. Nivens, 444 F.3d at 248. The substantive § 1983 claims, however, are without merit for multiple reasons. To the extent plaintiff is attempting to assert claims for false arrest or malicious prosecution, he has not alleged that he was arrested or prosecuted in the absence of probable cause. See Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012). And where plaintiff fails to allege an underlying constitutional violation, any official capacity claim must be dismissed. Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003).

Furthermore, the defendants are not subject to a suit for damages under § 1983. Defendant Lauren Freeman is the state prosecutor responsible for plaintiff's prosecution, and she is absolutely immune from damages claims related to core prosecutorial activities such as the decision to charge plaintiff with criminal offenses. See Safar v. Tingle, 859 F.3d 241, 248 (4th Cir. 2017). Defendants Raleigh Police Department and the Wake County Sheriff's Department are not entities subject to suit under § 1983. Smith v. Munday, 848 F.3d 248, 265–57 (4th Cir. 2017) ("Under North Carolina law, police departments cannot be sued as entities."). Defendants

Deonte Thomas, an attorney with the Wake County Public Defender's Office, and Brittany Joyner, a private citizen, are not state actors subject to suit under § 1983. See Polk Cnty. v. Dodson, 454 U.S. 312, 324–25 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.")

**CONCLUSION**

Based on the foregoing, this action is DISMISSED for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

SO ORDERED, this the 30th day of November, 2022.

LOUISE W. FLANAGAN
United States District Judge